## PATTERSON *v.* BANK OF CHATSWORTH.

Where A loaned to B a stated sum of money, and to secure the payment of the same B executed a warranty deed conveying land to A, and took from A a bond for title conditioned to reconvey to the grantor, or his assigns, the land in question upon the payment of the sum specified, and where subsequently to this transaction B borrowed an additional sum of money from A, giving his promissory note for the same, and stipulated therein that A "is hereby expressly authorized to retain any general or special deposit, collateral, real or personal security, or the proceeds thereof, belonging to either of us, now or hereafter in the possession of it during the time this note remains unpaid, and before or after maturity hereof may apply the same to this or any other debt or liabilities of either of us to [A], due or to become due," a transferee of the bond for title, who took the same without notice of the last or additional loan, could enforce the bond according to the terms thereof, and the grantee in the deed could not resist the demand on the ground that under the stipulation in the note quoted he was entitled, before performance, to repayment of the second loan.

No. 1345. JANUARY 14, 1920.

Action for specific performance. Before Judge Tarver. Murray superior court. February 11, 1919.

On March 24, 1914, Loomis executed to Bank of Chatsworth his promissory note for the sum of $550, with interest, due six months after date. To secure the payment of the note Loomis executed to the bank his warranty deed to certain lands which were sufficiently described therein. On the same day the bank delivered to Loomis a bond conditioned to reconvey the land to Loomis, or his assigns, upon payment of the debt. On May 25, 1915, Loomis executed to

the same bank a promissory note for the sum of $2000, with interest, and provided therein that "said bank is hereby expressly authorized to retain any general or special deposit, collateral, real or personal security, or the proceeds thereof, belonging to either of us, now or hereafter in possession of it during the time this note remains unpaid, and before or after maturity hereof may apply the same to this or any other debt or liabilities of either of us to said bank, due or to become due." On June 23, 1915, Loomis transferred and assigned his bond for title to Patterson, as follows: "For value received I hereby transfer all of my rights and interest in the within bond for titles to A. J. Patterson." On the same day Patterson tendered to the Bank of Chatsworth the principal and interest due on the first note of Loomis to the bank, and demanded that the bank make to him a deed conveying the land in question, in accordance with the terms of the bond for title, which request was refused by the bank. Afterwards Patterson prepared a deed in compliance with the terms of the bond for title, and presented it to the bank with the request that it be executed, agreeing to pay the amount due on the first-named promissory note, which request was refused by the bank. Thereafter Patterson filed his petition against the bank, alleging his offer to comply with the conditions in the bond as to payment of the first-named note; and he prayed that upon payment of said note, with interest, the bank, by decree, be compelled and required to make and execute to petitioner good and sufficient titles to the land in question, and for general relief. Answering the petition the Bank of Chatsworth set up the addi-' tional indebtedness, as evidenced by the second promissory note made to it by Loomis, and the provision in said note quoted above, claiming, by virtue of the same, that it could not be compelled to reconvey the land to either Loomis or his assignee until the full payment of both notes; and that Patterson had taken his assignment with full notice of the equities of the bank.

The summary of facts appearing above is taken from the statement of facts made when this case was here before. *Bank of Chatsworth* v. *Patterson,* 148 *Ga.* 367 (96 S. E. 996). The judgment then complained of was the direction of a verdict in favor of the plaintiff. The judgment in favor of the plaintiff was reversed by this court, and the case remanded for a new trial. On the

next trial, after the conclusion of the evidence, the court directed a verdict in favor of the bank, and the plaintiff excepted.

*C. N. King* and *Maddox, McCamy & Shumate,* for plaintiff.

*W. C. Martin* and *W. E. Mann,* for defendant.

BECK, P. J. (After stating the foregoing facts.) Under the evidence in the case the direction of a verdict in favor of the defendant on the second trial was error. The decision made when the case was here before is not controlling upon the question now involved under the evidence; for the plaintiff himself testified that he had no notice whatever, at the time of taking the transfer of the bond for title, that the bank had any other claim against Loomis than that for which his promissory note in the sum of $550 had been given on March 24, 1914, and therefore had no notice that on May 25, 1915, Loomis had executed to the bank his promissory note for the sum of $2,000, stipulating therein that "said bank is hereby expressly authorized to retain any general or special deposit, collateral, real or personal security, or the proceeds thereof, belonging to either of us, now or hereafter in possession of it during the time this note remains unpaid, and before or after maturity hereof may apply the same to this or any other debt or liabilities of either of us to said bank, due or to become due." If Patterson had been put upon notice of the existence of the $2,000 note just referred to, or there had been any stipulation in the bond for title or on the face of it that the deed had been executed to secure any other indebtedness, that fact would have been sufficient to bring the case within the ruling made in the case of *McClure* v. *Smith,* 115 *Ga.* 709 (42 S. E. 53), where it was held that under somewhat similar circumstances the purchaser of property which had been conveyed to secure a debt was bound by the status existing between the maker and holder of the security deed at the time he bought. But in the case just cited it appeared that a written notation had been made on the bond for title of the subsequent loan; and that made a case differing in a very material particular from the present one. And this case differs very materially from the case as made at the former trial, in that there was, as appears from the report of that case, a distinct allegation, in the plea which was stricken, to the effect that Patterson, the transferee of the bond for title, took with full notice of the loan of $2,000; but on the last trial, evidence was submitted that the transferee did not

have notice of the $2,000 loan for which was given the note containing the stipulation recited above. We have the case of one holding a bond for title as a transferee, in which the obligor has undertaken absolutely to execute a deed of conveyance upon payment of a specified debt, and the transferee has no notice that prior to taking the assignment of the bond for title any other loan has been made to the original obligee in the bond; and it can not be held that the obligor in the bond could make further advances to the obligee, agreeing with him that a subsequent loan shall be secured by the former deed, so as to bind a subsequent transferee of the bond for title, who had no notice of this new encumbrance upon the property. for the conveyance of which the bond was given. It may well be that if one conveys by a warranty deed an absolute title to another, and the deed, though absolute in form, is merely to secure a debt, the grantor in such deed upon borrowing other sums from the grantee, his creditor, may agree that the repayment of the further loan shall be secured by the same deed formerly executed, and that this will be binding between them; but if the grantee in such a deed executes and delivers to his grantor a bond for title conditioned to reconvey upon the payment of a specified sum, he can not afterwards, though the debtor agreed in writing that it should be secured by the deed referred to, set up, as against the transferee without notice of the bond for title, the fact of the additional loan, and thereby defeat a demand for specific performance.

*Judgment reversed. All the Justices concur.*